## IN THE MATTER OF RICHARD R. S. CARROLL, AN ATTORNEY AT LAW.

Argued April 7, 1964—Decided May 4, 1964.

*Mr. Peter J. Devine, Jr.,* Chairman of the Camden County Ethics Committee, argued for the order to show cause.

*Mr. Frank E. Vittori* argued in opposition.

PER CURIAM.   After investigation, the Camden County Ethics Committee filed a complaint against the respondent Richard R. S. Carroll.   It charged that he had received a check in the sum of $10,728.46 for transmission to the payee Adolph Stern, executor of the Estate of Joseph A. Melzi, had failed to transmit it and had endorsed the payee's name without any authority, and had appropriated the proceeds to his personal use.   The respondent's answer admitted the charge, alleged that his actions occurred while he was under mental disability, and tendered his resignation from the bar.   A hearing was held before the Committee which found that the allegation of mental disability had not been satisfactorily proven; it filed a presentment charging the respondent with unethical conduct and recommending that he be ordered to show cause why he should not be disciplined.

Pursuant to the presentment this Court issued an order to show cause and in due course the matter came on for argument.   At that time the respondent did not dispute the charge, nor did he seek to renew his earlier allegation of mental disability.   However, he did ask that the Court's imposition of discipline be less than disbarment and in that connection the matter was remanded to the Ethics Committee to permit him to introduce explanatory or mitigating testimony.   On the remand the respondent's testimony was taken, it was thereafter forwarded to this Court, and further argument was duly held.

We find nothing in the testimony to suggest lesser discipline than disbarment.   It discloses that in addition to the actions referred to in the presentment, there were many other

defalcations and that, while the respondent's restitution of funds misappropriated by him has been considerable, it has not been complete. No explanation for the misconduct was offered other than the stress of personal financial needs. It may be noted that at the time the respondent was engaged not only in the private practice of the law but also in the performance of high official functions as an assistant to the Camden County Prosecutor. His wrongful actions were therefore doubly discrediting. They clearly call for disbarment within settled concepts recently applied in *In re Rich,* 33 *N. J.* 74, 77 (1960):

> "As we have noted on other occasions, in its essence discipline as a rule is not punitive. The primary purpose is to protect the public against members of the bar who are unworthy of the trust and confidence which are essential to the relationship of attorney and client. *In re Introcaso,* 26 *N. J.* 353 (1958); *In re Frankel,* 20 *N. J.* 588, 596 (1956). The privilege of practicing law is always burdened with the condition that the possessor thereof remain a fit and safe person to exercise it. The duty of the court is to safeguard the administration of justice and to protect the public from the misconduct of those whose conduct tends to impair it. The derelictions proved against respondent are so gross as to require the conclusion that he can no longer be entrusted with the license to practice law."

The respondent's name is stricken from the roll of members of the bar of this State.

*For disbarment* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.